# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| CWR ELECTRONICS, INC., | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 19-17102 (FLW)(TJB) |
| | : | |
| v. | : | |
| | : | **ORDER AND JUDGMENT** |
| STAR MARINE DEPOT, INC and | : | |
| GREGORY J. BLAHUT | : | |
| | : | |
| Defendants. | : | |

**THIS MATTER** having been opened to the Court by Donald F. Campbell, Esq., counsel for Plaintiff CWR Electronics, Inc. ("Plaintiff") on a Motion for Default Judgement Against Defendants Star Marine Depot ("Star Marine") and Gregory J. Blahut[1] ("Mr. Blahut"); it appearing that default was entered by the Clerk of Court on September 26, 2019, for Defendants' failure to defend this action; it appearing that on October 4, 2019, Plaintiff moved for default judgment; Defendants have failed to oppose or otherwise respond to this motion; the Court, having reviewed Plaintiff's submissions in connection with its motion, pursuant to Federal Rule of Civil Procedure 78, makes the following findings:

(1) In order to obtain a default judgment, pursuant to Federal Rule of Civil Procedure 55(b), a plaintiff must first secure an entry of default from the clerk of the court under Rule 55(a). *Allaham v. Naddaf*, 635 F. App'x 32, 36 (3d Cir. 2015). Once the clerk has entered default, the non-defaulting party may move for default

---

[1] Pending this motion for default judgment, Mr. Blahut filed for personal bankruptcy and pursuant to the automatic stay, this matter is stayed as to him. A separate order will be entered in this regard. To be clear, although Plaintiff seeks default judgment against both Star Marine and Mr. Blahut, this Order only addresses default judgment against Star Marine.

judgment pursuant to Rule 55(b)(2), "depending on whether the claim is for a sum certain." *Id.* Entry of default judgment where damages are not a "sum certain" requires an application to the court to prove, *inter alia*, damages. Fed. R. Civ. P. 55(b)(2). In considering a motion for a default judgment, courts "accept as true the well-pleaded factual allegations of the complaint, but the court need not accept the moving party's legal conclusions or allegations relating to the amount of damages." *Polidoro v. Saluti*, 675 F. App'x. 189, 190 (3d Cir. 2017)

(2) Based on the allegations contained in the Complaint, which this Court takes as true for the purposes of this motion, Defendant Star Marine failed to remit payment for certain electronic goods it purchased from Plaintiff between December 2017 and January 2018 and between July 2019 and August 2019. Compl. ¶¶10-13.

(3) As damages, Plaintiff seeks to recover the total amount due for the goods, $290,074.08, plus interest at a rate, pursuant to the parties' contract, of 1.5% per month (18% per year). *Id*. at ¶¶13, 15. Thus, Plaintiff claims that as of October 3, 2019, it was entitled to a total of $343,660.55. ECF No. 7-2, Certification of Brian Swanke ("Swanke Cert.") at ¶9.

(4) These sum-certain totals are supported by an affidavit from Plaintiff's President and managing member manager in support of the motion for default explaining the contractual relationship between the parties, and proffering evidence, including a spreadsheet detailing the total amount of product ordered and correspondence with Mr. Blahut. *See generally* Swanke Cert. Accordingly, the Court finds it appropriate to award Plaintiff the requested amount of $343,660.55 and default judgment is entered against Star Marine in that amount.

Accordingly, the Court having reviewed the submissions in connection with the Motion, for the reasons set forth herein, and for good cause shown,

**IT IS** on this 5th day of November, 2019,

**ORDERED** and **ADJUDGED** that Plaintiff's Motion for Default Judgement [ECF No. 7] is **GRANTED** as to Defendant Star Marine and default judgement is entered in the amount of $343,660.55.

/s/ Freda L. Wolfson  
Hon. Freda L. Wolfson  
U.S. Chief District Judge